FILED

NOT FOR PUBLICATION

APR 18 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHOW MEDIA CALIFORNIA, LLC, a
California limited liability company,

        Plaintiff - Appellant,

    v.

CITY OF LOS ANGELES, a California
municipality,

        Defendant - Appellee.

No. 10-57015

D.C. No. 2:09-cv-03270-ABC-JWJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted March 8, 2012
Pasadena, California

Before: FARRIS, CLIFTON, and IKUTA, Circuit Judges.

    When the City of Los Angeles refused to accept Show Media's applications

to replace two off-site sign structures owned by previous lease-holders, Show

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Media filed suit against the City.  Show Media appeals the district court's dismissal of its claims, arguing (1) that the rebuild provision of the City's Sign Ordinance is unconstitutional and (2) that the district court misapplied the standard for pleading by improperly resolving disputed factual issues in ruling on the City's 12(b)(6) motion.  We affirm.

I

Show Media does not have standing to challenge L.A. Municipal Code § 91.6216.4.3 (the rebuild provision) as unconstitutional. Even if we determined that the rebuild provision were invalid, Show Media would be prohibited from obtaining a permit under the sign ordinance, which bans off-site signs such as Show Media's.  *See Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886 (9th Cir. 2007); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-1 (1992).  If we construe Show Media's complaint as a challenge to the sign ordinance, as opposed to the rebuild provision, such challenge would fail on the merits.

"We review de novo the constitutionality of a local ordinance."  *World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 684 (9th Cir. 2010) (internal citation and quotations omitted).  The communicative aspects of billboards are protected by the First Amendment, *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 502 (1981), and we assess the constitutionality of restrictions on such

commercial speech using the four-part *Central Hudson* test.  *See Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*, 447 U.S. 557 (1980).  At issue here are the test's second, third, and fourth prongs.  *See World Wide Rush*, 606 F.3d at 684.

A restriction on commercial speech must seek "to implement a substantial governmental interest," *Metromedia*, 453 U.S. at 507, and the interest may be unconstitutionally underinclusive if it exempts some speech from the restriction, *World Wide Rush*, 606 F.3d at 685.  The "effect of the challenged restriction," however, must "be evaluated in the context of the entire regulatory scheme." *World Wide Rush*, 606 F.3d at 685, quoting *Greater New Orleans Broad. Ass'n, Inc. v. United States*, 527 U.S. 173, 192 (1999).  The City has a substantial governmental interest in reducing billboard blight while complying with the Fifth Amendment's takings requirements.

A restriction on commercial speech must directly advance the government's interest.  *Metromedia*, 453 U.S. at 507.  Exceptions to a regulation may so undermine that interest, however, that the regulation cannot directly advance it. *Metro Lights, L.L.C. v. City of Los Angeles*, 551 F.3d 898, 904-05 (9th Cir. 2009). The Rebuild Provision does not in this way make the Sign Ordinance unconstitutionally underinclusive.  Allowing routine maintenance to existing signs

3

will slow the signs' disappearance, but it will not prevent their gradual disappearance through landowners' decisions not to renew site leases, sign owners' failure to make timely preventative maintenance, or catastrophic accidents such as earthquakes. *See Ackerley Commc'ns of Nw. Inc. v. Krochalis*, 108 F.3d 1095, 1097 (9th Cir. 1997) (gradual loss of leases will reduce the overall number of billboards). Accordingly, the Rebuild Provision does not "so undermine [the Sign Ordinance as a whole] that it cannot materially advance its aim." *Metro Lights*, 551 F.3d at 914 (citation and quotation marks omitted). Additionally, the Rebuild Provision directly advances the City's interest in ensuring that existing billboards are kept in a safe and attractive state of repair, rather than falling into a dangerous or ugly state of dilapidation. We agree with the district court's conclusion that the City's regulation strikes a balance between "its goals of avoiding the financial strain of paying just compensation, while guaranteeing either the adequate maintenance of existing signs or, if not, the elimination of the sign and reduction of signage in the City."

A restriction on commercial speech must reach "no further than necessary to accomplish the" government's objective. *Metromedia*, 453 U.S. at 507. This "narrow tailoring requirement guards against over-regulation rather than under-regulation." *Metro Lights, L.L.C. v. City of Los Angeles*, 551 F.3d 898, 911

4

(9th Cir. 2009). The Supreme Court has held that a complete ban on billboards is not broader than necessary. *Metromedia*, 453 U.S. at 508. Therefore, a partial ban on billboards such as the Sign Ordinance with the Rebuild Provision is not over-regulation. *Metro Lights*, 551 F.3d at 911-2; *Vanguard Outdoor, LLC v. City of Los Angeles*, 648 F.3d 737, 743 (9th Cir. 2011). Morever, Show Media's proposed scheme to replace its competitors' signs with its own would be less narrowly tailored to the goal of efficiently reducing billboard blight than the existing scheme, not more.

## II

We have already recognized that the government "has a strong financial interest in allowing . . . grandfathered billboards to stay" so that it does not "have to pay just compensation to . . . billboard owners." *Maldonado v. Morales*, 556 F.3d 1037, 1048 (9th Cir. 2009). The district court did not err in considering the City's interests in avoiding the costs of complying with the Fifth Amendment's takings requirements, nor did it err in dismissing as conclusory Show Media's monopoly argument with respect to *Central Hudson*'s narrow tailoring requirement.

**AFFIRMED**.